HUGHES TRANSPORTATION, INC.

v.

UNITED STATES.

The COMMONWEALTH OF KEN-
TUCKY, Intervenor,

v.

UNITED STATES.

Nos. 525-52, 208-54.

United States Court of Claims

Dec. 3, 1958.

Daryal A. Myse, Washington, D. C., for plaintiff.

George M. Catlett, Frankfort, Ky., and Jo M. Ferguson, Atty. Gen., for Commonwealth of Kentucky, intervenor.

Lawrence S. Smith, Washington, D. C., and George Cochran Doub, Asst. Atty. Gen., for defendant.

MADDEN, Judge.

The plaintiff, under permits granted to it by the Department of Motor Transportation of the Commonwealth of Kentucky, was authorized to transport the explosives involved in these claims over the highways of Kentucky and solely within that State, as a contract carrier. The plaintiff quoted prices to the Government for the trucking of explosives from Government installations to other Government installations, all within the State of Kentucky. These prices were les than the rates prescribed by the State of Kentucky for such transportation.

After the plaintiff had transported numerous shipments for the Government, it and the Government disagreed as to the interpretation of the plaintiff's offer or quotation of prices, the Comptroller General interpreting the document as providing prices considerably lower than those contended for by the plaintiff. The plaintiff was paid on the basis of the Comptroller General's interpretation, and in 1952 filed Case No. 525-52, suing for the difference. In 1953 the Commonwealth of Kentucky intervened in the suit, alleging that the Government should pay the rates fixed by the Commonwealth of Kentucky, which were much higher than those for which either the Government or the plaintiff were contending in their dispute about the interpretation of the plaintiff's quotation.

This court, in a decision of May 4, 1954, 121 F.Supp. 212, 128 Ct.Cl. 221, sustained the contention of the Commonwealth of Kentucky, and held that the plaintiff was entitled to recover on the basis of the rates prescribed by the Commonwealth. It did not, of course, resolve the dispute as to the proper interpretation of the plaintiff's quotation to the Government.

On June 1, 1954, the plaintiff filed Case No. 208-54, which related to shipments other than those involved in its prior suit, and sued for the difference between what it had been paid and the rates prescribed by the Commonwealth of Kentucky. The Commonwealth has also intervened in that case.

In Case No. 525–52, the court, as we have said, issued its decision on May 4, 1954. It held that the plaintiff was entitled to recover, but that entry of judgment would be suspended pending computation of the amount of the judgment. Computation was made, and the court entered judgment for $122,834.31 on October 5, 1954. The Government timely filed a motion for reconsideration which contained an alternative request that it be allowed to offer evidence to the effect that the Commonwealth of Kentucky had in fact exempted the commodities in question from rate regulation. The court on July 12, 1955, ordered that the case be referred to Commissioner Cowen "for the purpose of hearing and reporting on such competent evidence as either party may desire to submit."

In the circumstances, we conclude that the judgment for the plaintiff entered on October 5, 1954, did not become a final judgment, and that Case No. 525–52 is still pending. In Case No. 208–54, no action has been taken.

The Government has made, in each case, a motion for summary judgment. It says that the decision of the Supreme Court of the United States, of January 7, 1958, in Public Utilities Commission of State of California v. United States, 355 U.S. 534, 78 S.Ct. 446, 2 L.Ed.2d 470, is controlling in these cases, and that the attempt of the Commonwealth of Kentucky to impose its prescribed rates upon these shipments is ineffective. For the reasons given in the case of Union Transfer Co. v. United States, Ct.Cl., 168 F.Supp. 217, this day decided, we sustain the Government's position, and to that extent the Government's motions are granted.

There are, in each of the cases, questions not resolved by our determination that the rates prescribed by the Commonwealth of Kentucky are not controlling. Our present decision is, therefore, limited to that question and does not prevent further proceedings to resolve any other relevant question.

The court's decision and opinion of May 4, 1954, and its judgment of October 5, 1954, in Case No. 525–52 are vacated and set aside. Both cases will be treated as pending for further proceedings not inconsistent with this opinion.

It is so ordered.

JONES, Chief Judge, and LARAMORE and WHITAKER, Judges, concur.