**UNION TRANSFER COMPANY, DBA Union Freightways et al.**

v.

**UNITED STATES.**

No. 527–56.

United States Court of Claims.

Dec. 3, 1958.

Lawrence S. Smith, Washington, D. C., and George Cochran Doub, Asst. Atty. Gen., for plaintiff.

James E. Ryan, Lincoln, Neb., for plaintiffs. Jack Devoe, Lincoln, Neb., on the brief.

MADDEN, Judge.

This is a suit to recover from the Government additional amounts to which the plaintiffs claim they are entitled for transporting explosives for the Government by truck.

Four of the plaintiffs are Nebraska corporations. The fifth, John E. Neylon, is an individual doing business under a trade name. All are in the trucking business, and hold certificates of public convenience and necessity issued by the Nebraska State Railway Commission authorizing them to transport freight over the highways of Nebraska as common carriers, solely within the State.

The plaintiffs transported for the Government numerous shipments of explosives of various types, the transportation being entirely within the State. The shipments were on Government bills of lading, the form of which was prescribed by the Comptroller General of the United States. The plaintiffs had filed with the Government agencies for which they carried explosives, but had not filed with the Nebraska State Railway Commission, quotations of rates at which they would transport the explosives.

The Nebraska Commission had, in its Official Motor Vehicle Tariff No. 3, issued May 22, 1945, and effective August 15, 1945, prescribed classification ratings, class and commodity rates and rules and regulations to be used in determining

charges to be made for trucking freight in Nebraska. Tariff No. 3 provided that the rates prescribed in it were the only lawful rates that could be charged. On February 1, 1955, the Nebraska Commission ordered the plaintiffs and other carriers transporting explosives for the Federal Government to proceed immediately to collect any and all existing undercharges which had occurred subsequent to January 1, 1942, in connection with such transportation.

The amounts which the plaintiffs had charged the Government were much smaller than the amounts which were prescribed by the Nebraska Commission's Tariff No. 3. The plaintiffs filed claims with the General Accounting Office for the differences. That office disallowed some of the claims and has not acted upon the rest of them.

The plaintiffs assert in this suit that the charges which they made to and collected from the Government were unlawful because they were lower than those prescribed by the laws of Nebraska and the tariffs and regulations of the State Railway Commission of Nebraska. Their suit is for the difference between the two figures.

The Government has filed a motion for summary judgment, on the asserted ground that the Supreme Court of the United States, on March 3, 1958, in the case of Public Utilities Commission of State of California v. United States, 355 U.S. 534, 78 S.Ct. 446, 448, 2 L.Ed.2d 470, held that a state could not constitutionally regulate rates to be charged to the United States for transportation such as that here involved.

The plaintiffs urge that the California decision is distinguishable. They point out that the California statute which was held to be unconstitutional authorized the California Commission to permit carriers to transport property for the United States at reduced rates, "to such extent and subject to such conditions as (the Commission) may consider just and reasonable." West's Ann.Pub.Util.Code, § 530. That meant that a reduced rate which was agreeable to the United States and the carrier would have to be submitted to and approved by the Commission before it would be lawful. They point out that there was no such unwieldly procedure in Nebraska; that Nebraska prescribed uniform rates for all shippers, including the United States, and hence did not invite or require or permit the United States to seek the approval of the Commission for reduced rates.

The plaintiffs argue that all that the Nebraska laws and tariffs did was to make the cost of shipments by the United States greater than it would have been if the carriers, willing to carry for less, had been allowed to do so. The plaintiffs quote certain language from the Supreme Court's opinion, which, they urge, shows that the objectionable feature of the California statute was not the increase in costs which it caused, but the inconvenient procedure prescribed by it. We think the plaintiffs' argument is a legitimate one, in view of some of the language in the Supreme Court's opinion, but, reading the opinion as a whole, we think the California decision governs the instant case, and that Nebraska's attempt to impose its prescribed rates upon the United States is invalid, because it is in violation of the Supremacy Clause of the Constitution of the United States, art. 6, cl. 2.

The defendant's motion for summary judgment is granted, and the plaintiffs' petition is dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE and WHITAKER, Judges, concur.